UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN THOMAS PALMER, | Civil Action |
| Plaintiff, | No. 21-19531 (CPO) (MJS) |
| v. | |
| JOHN BROOKS RECOVERY CENTER, | OPINION |
| Defendant. | |

**O'HEARN, District Judge.**

Plaintiff, now a county inmate, is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss Plaintiff's § 1983 claims without prejudice for failure to state a claim, dismiss Plaintiff's request for release for lack of jurisdiction, and decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims.

### I.    BACKGROUND[1]

This case arises from Plaintiff's stay at the John Brooks Recovery Center, the Defendant in this matter. (ECF No. 1, at 5–8.) Defendant appears to be a private entity that provides inpatient addiction treatment. (*Id*.) Plaintiff alleges that unspecified people filed false accusations against him, which resulted in his discharge from Defendant's facility. (*Id*.) This discharge "led to a violation of [his] probation," which caused Plaintiff to receive an "alternative sentence in prison." (*Id*. at 5.) Plaintiff also alleges that at some point, his "female counselor was making [him]

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

uncomfortable" and denied him unspecified medication for unspecified "psychological disorders." (*Id*.)

On May 8, 2020, Plaintiff "believe[s]" that he was bitten and complained that there was no medical staff to treat his swelling, leaking wound. (*Id*. at 7). Plaintiff complained to a counselor, Mr. Rivera, who agreed that he should receive medical treatment, but the supervisor, Mr. Green, denied Plaintiff's requests for medical attention. (*Id*.) Thereafter, Plaintiff filed grievances against Mr. Green, which Plaintiff believes caused unspecified people to issue false accusations against Plaintiff. (*Id*.) One of the accusations involved Plaintiff meeting his "girlfriend in the parking lot," which was not permissible. (*Id*.) Plaintiff offers no further details, and no details as to the other accusation(s). (*Id*.)

Plaintiff filed the instant Complaint in November of 2021. In terms of relief, Plaintiff seeks to have Defendant terminate the employment of Mr. Green and Ms. Stuart.[2] (*Id*. at 6.) Plaintiff also seeks unspecified financial relief and relief from his sentence. (*Id*.)

## II.     STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

---

[2] Plaintiff does not identify Ms. Stuart, but she may be the female counselor referenced in the Complaint.

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III.   DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins*, 487 U.S. 42,

3

48 (1988).  The Court will broadly construe the Complaint as alleging that Defendant subjected Plaintiff to cruel and unusual punishment and violated his due process rights under the Fourteenth Amendment. The Court, however, does not need to address the merits of Plaintiff's claim because he does not allege, and Defendant does not appear, to be a "person" acting under color of state law. *See Doe v. Boyertown Area School Dist.*, 10 F. Supp. 3d 637, 649 (E.D. Pa. 2014) (citing *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995)) ("In order to adequately plead a Section 1983 claim, plaintiff must allege a deprivation of her Constitutional rights by someone acting under the color of state law.").  The Complaint contains no allegations to suggest that Defendant was acting under color of state law.  Instead, Defendant appears to be a private entity providing mental health and substance abuse treatment. (ECF No. 1, at 5–8.)

This Court and other courts have held that private entities engaging in substance abuse and mental health treatment are not state actors for the purposes of § 1983.  Courts have arrived at this conclusion because "[s]ubstance abuse and mental health treatment is not traditionally the exclusive prerogative of the state." *See, e.g.*, *Allah v. O'Conner*, No. 18-4048, 2020 WL 5408066, at *3–4 (E.D. Pa. Sept. 9, 2020); *Byng v. Delta Recovery Servs., LLC*, No. 13-733, 2013 WL 3897485, at *8–9 (N.D.N.Y. July 29, 2013) ("Courts have consistently held that the provision of transitional housing to former inmates under parole supervision is not a function that has traditionally been the exclusive prerogative of the state."), *aff'd*, 568 F. App'x 65 (2d Cir. 2014); *see also* (*Palmer v. Maryville of Pemberton*, Civ. No. 21-20000, ECF No. 3, (D.N.J. 2021)).

Courts have also reasoned that such centers are not state actors because they are not sufficiently entwined with, or controlled by, the state. *O'Conner*, 2020 WL 5408066, at *3–4 (holding that "the mere existence of a contract" between the treatment center and the state was insufficient to establish that the center "was acting under color of state law"); *Merrill v. Mental*

4

*Health Sys.*, No. 16-01090, 2016 WL 4761789, at *5 (S.D. Cal. Sept. 13, 2016) (finding that a state-funded program providing substance abuse treatment for parolees was not a state actor because "[e]ven acts by private corporations that derive their primary source of business from government contracts 'do not become acts of the government by reason of their significant or even total engagement in performing public contracts' ") (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 840–41 (1982)); *Delta Recovery Servs.*, 2013 WL 3897485, at *7–9. Indeed, in another case filed by Plaintiff, *Palmer v. Maryville of Pemberton*, this Court held that a different substance abuse treatment center was not a state actor for the purposes of § 1983. (*Palmer*, Civ. No. 21-20000, ECF No. 3.)

For all these reasons, the Complaint fails to allege that a state actor violated Plaintiff's constitutional rights. Consequently, the Complaint fails to state a claim under § 1983, and the Court will dismiss Plaintiff's § 1983 claims without prejudice.

Additionally, to the extent that Plaintiff seeks an order for his sooner release, "[s]uch remedies are not available" in a civil complaint. *See, e.g.*, *Riley v. Tarantino*, No. 20-18864, 2022 WL 44626, at *4 (D.N.J. Jan. 5, 2022); *Roman v. Tyner*, No. 20-20344, 2021 WL 1589341, at *2 (D.N.J. Apr. 23, 2021); *Slaughter v. Christie*, No. 15-8327, 2016 WL 6804877, at *2 (D.N.J. Nov. 16, 2016). When a person "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Consequently, as Plaintiff can only pursue his release through a federal habeas petition, the Court will dismiss Plaintiff's request for sooner release for lack of jurisdiction.

Finally, as no federal claims remain, the Court declines to exercise supplemental jurisdiction over Plaintiff's potential state law claims, including any attempted negligence claims. *See* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

## IV.   CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's § 1983 claims without prejudice for failure to state a claim, dismiss Plaintiff's request for release for lack of jurisdiction, and decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims. An appropriate Order follows.


Dated:  August 24, 2022

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Christine P. O'Hearn
　　　　　　　　　　　　　　　　　　　　　　　　**Christine P. O'Hearn**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**